**PAPER RECOVERY OF NORTHERN CALIFORNIA; et al., Plaintiffs— Appellants,**

v.

**TRAVELERS CASUALTY AND SURETY COMPANY OF ILLINOIS; et al., Defendants—Appellees.**

No. 02–17323.

D.C. No. CV–01–03333–SBA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2004.

Decided March 5, 2004.

Robert M. Steele, Matthew V. Herron, Meisenheimer & Herron & Steele, Paul A. Hilding, Hilding, Kipnis, Lyon & Kelly, San Diego, CA, Nancy E. Hudgins, Law Offices, San Francisco, CA, for Plaintiff–Appellant.

William C. Morison–Knox, Wendy Woolpert, Thomas Holden, Morison–Knox Holden Melendez & Stokes, LLP, Walnut Creek, CA, for Defendant–Appellee.

Before RYMER, HAWKINS, and BYBEE, Circuit Judges.

## MEMORANDUM *

The district court correctly concluded that Travelers Casualty and Surety Company of Illinois ("Travelers") did not have a duty to defend a suit by Havas Interactive against its insured, Paper Recovery of Northern California ("Paper Recovery"). Even assuming that the bare allegation of "advertising" activity in the Havas complaint constitutes an allegation of "widespread promotional activity"[1] that falls within the "advertising injury" provisions of the Travelers' policy, the district court correctly concluded that the policy's exclusion for advertising injuries "arising out of breach of contract" applied.

It is undisputed that the agreement between Paper Recovery and Havas did not permit Paper Recovery to simply resell Havas software instead of recycling/destroying it. As early as Paper Recovery's initial notice to Travelers of the potential claim, Paper Recovery asserted it "was hired to destroy computer software from Havas Interactive" and that Havas had alleged that "instead of destroying the software, [it] allowed the software to be distributed to stores." Even though exclusionary clauses are interpreted narrowly against the insurer, *State Farm Mutual Auto. Ins. Co. v. Partridge*, 10 Cal.3d 94, 102, 109 Cal.Rptr. 811, 514 P.2d 123 (1973), here it is quite clear that each of Havas' claims is based on Paper Recovery's failure to destroy the software as it was contractually obligated to do.[2] Thus, the breach of contract exclusion was clearly applicable from the very outset of the claim, and Travelers had no duty to defend the claims that arose therefrom.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See Hameid v. Nat'l Fire Ins. of Hartford*, 31 Cal.4th 16, 24, 1 Cal.Rptr.3d 401, 71 P.3d 761 (2003).

2. In its brief, Paper Recovery argues that this policy exclusion may not be applicable to injuries arising out of tort, relying on our decision in *Zurich Ins. Co. v. Killer Music, Inc.*, 998 F.2d 674 (9th Cir.1993), which applied California law in a duty to defend case. The California Supreme Court, however, has since expressly overruled the two California cases on which *Killer Music* relied, and rejected the general contract/tort distinction found therein. *Vandenberg v. Superior Court*, 21 Cal.4th 815, 841 & n. 13, 88 Cal.Rptr.2d 366, 982 P.2d 229 (1999).